**WALLACE, Plaintiff-Appellee v. BARTLETT, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3566.   Decided July 21, 1943.

Alex S. Dombey, Columbus, for plaintiff-appellee.
John F. Ward, Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

Submitted on motion of plaintiff-appellee to dismiss the appeal for the reason that the appellant has failed to file his brief within fifty days after filing his notice of appeal and for failure to file his bill of exceptions in the Court of Common Pleas within forty days from the date of the judgment and within fifty days from his notice of appeal; also, upon motion of defendant-appellant for an order extending the time for thirty days within which the bill of exceptions may be filed in the above case, for the reason that the official stenographer

who took the testimony is ill and has been ever since the notice of appeal was filed in this case, and that there are no others in the office who can interpret her notes.

Both motions will be overruled. The notice of appeal in this case is noted as upon questions of law and fact, and until this court has determined that the type of appeal noted is incorrect, it will be considered as noted. In this situation the rule as to the filing of briefs and as to the time within which a bill of exceptions shall be filed in the trial court and in this court has no application.

The motion of the plaintiff-appellee for an extender of time within which to file his bill of exceptions in the trial court likewise may not be given application, because of his election to note his appeal as upon law and fact. Even if the appeal was noted as upon questions of law only, we are without power to extend the time fixed for filing the bill of exceptions in the trial court, as this is prescribed by statute.

The court has upon its own motion examined the pleadings in this case and finds that the action was for damages for personal injuries and for properly loss by reason of the alleged negligence of the defendant. Obviously, the action is at law and therefore not appealable upon questions of law and fact.

The court then determines, that this cause may not be heard upon the fact and that it will proceed as an appeal upon questions of law, and thirty days from the filing of the entry journalizing the order of this court will be granted defendant-appellant within which to have his bill of exceptions presented to the trial judge for settlement and allowance.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

No. 3566. Decided November 18, 1943.

Alex Dombey, Columbus, for aplaintiff-appellee.
John F. Ward, Columbus, for defendant-appellant.

### OPINION

By GEIGER, J.

This matter is before this court upon an appeal from a

judgment of the Court of Common Pleas based upon a verdict of the jury finding in favor of the plaintiff and assessing the damages in the sum of $1500.00.

This was a second trial of this cause, it having been first tried on September 26, 1941, at which time a verdict was returned in favor of the defendant, but a motion for new trial by the plaintiff was sustained and the verdict vacated and a new trial granted. The cause now before us was tried on the 5th and 6th days of October, 1942. The matter involves a claim for damages asserted by the plaintiff, who, on the 16th day of December, 1940, while driving a Ford truck south on Parsons Avenue after that avenue had become a county road outside the municipality of Columbus, collided with a White truck, being driven by township employees, as it emerged from a private lane, after being driven westward to the point where said lane intersects said Parsons Avenue.

The testimony in this case as shown by the bill of exceptions is conflicting, and at points rather difficult to understand. However, the high points in the case are that the plaintiff was driving his truck at a rate in dispute, southward on the west side of Parsons Avenue, when at a distance of about 100 feet he discovered the truck of the defendant emerging onto Parsons Avenue from the lane. Thereupon plaintiff put on his brakes and admits that after pressure was applied the brakes locked and for a distance of 147 feet his car crossed the highway diagonally, marks giving evidence that for that distance it had skidded. At the same moment the defendant, driving the heavier White truck, came out of the lane, and he testified that before entering upon Parsons Avenue he stopped and looked in both directions and discovered no vehicle in sight; that he thereupon started his truck in low and had proceeded only a few feet when his companion warned him that a driver was coming down the road, driving "to beat Hell".

It may be said in passing that the drivers of both trucks were volunteers in a rural fire department, and that just prior to the collision an alarm was given by a passing fire engine indicating that in the immediate vicinity to the south of the point of collision there was a rural fire. The driver of the White truck, upon hearing the fire alarm, disengaged a scraper which he had been operating and proceeded to his duty as a volunteer fireman. At Parsons Avenue he intended to turn

south. He stated that upon being warned by his companion of the rapid approach of the other truck, he stopped the car and that the next thing he knew was when his truck was struck on the right side with such force as to turn it in a semi-circle and landed it in a ditch east of and adjacent to the highway, mowing down in its passage a letter box about five feet east of the paved portion of the highway, and ten feet south of the point where the lane enters Parsons Avenue.

The controversy is as to whether or not the White truck driven by the defendant was or was not east of the unmarked center line of Parsons Avenue when the collision occurred. The plaintiff admits that the left front wheel of his truck was a few feet east of this center line, while the defendant asserts positively, and supports himself by a number of witnesses, that his truck when struck was east of the center line of the avenue. Garage attendants who serviced the damaged trucks testified that the car of the plaintiff was west of the center line at the time they reached it, within a short period after the accident. This testimony is met by the claim that while the plaintiff's car may have come to rest west of the center line, that the collision occurred east of the center line, and that there was a rebound sufficient to carry the plaintiff's car back across the center line.

The writer of this opinion is of the view that the accident occurred as a result of the plaintiff's so braking his car that due either to the manner in which he applied the brakes or their defective condition, his car passed from the west side to the east side of the road and struck the truck of the defendant when the same was at rest at a point well within the east half of the highway. However, this court should not disturb the verdict of the jury unless manifestly against the weight of the evidence.

Nine assignments of error are asserted, many of which overlap, and the majority of which refer to the weight of the evidence. The plaintiff-appellee in his brief does not attempt to cover all the nine assignments, but confines himself to Nos. 1, 5 and 6. . No. 5 relates to the admission of evidence and No. 6 to the charge of the court. The court gave a standard charge in reference to automobile collisions, including a charge as to contributory negligence, and as to the right due to an emergency. The emergency asserted was that when the plaintiff

discovered the truck standing at the entrance of the lane, either slightly off or slightly on the improved surface of the highway, he was confronted with an emergency.

We are of the opinion that the charges of the court in these two particulars criticized contain no prejudicial error which would require a reversal of the judgment of the court below. While we may be in some doubt as to the plaintiff having met the burden of proof, we must support the court below, and the verdict of the jury.

Judgment affirmed.

BARNES, P. J., and HORNBECK, J., concur.